UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re: Erminio Van Malleghem

**ERMINIO VAN MALLEGHEM,**

        Appellant,

v.                                              **Case No:  6:16-cv-1433-Orl-41**
                                                    **Bankr. Case No.: 6:15-bk-6189-RAC**

**OCWEN LOAN SERVICING, LLC,**

        Appellee.
_____/

**ORDER**

THIS CAUSE is before the Court on Appellant Erminio Van Malleghem's Motion to Stay Orders Pending Outcome of Appeal (Doc. 7). Appellee Ocwen Loan Servicing, LLC ("Ocwen") filed a Response in opposition (Doc. 13). As set forth below, Van Malleghem's motion will be denied.

Federal Rule of Bankruptcy Procedure 8007 allows a party to move for a stay pending appeal in both the bankruptcy court and the reviewing district court. Where, as here, a motion to stay was first made and ruled on in the bankruptcy court, the motion before the district court must "state that the [bankruptcy] court has ruled and set out any reasons given for the ruling." Fed. R. Bankr. P. 8007(b)(2)(B). Van Malleghem indicated that the bankruptcy court denied his motion to stay, but he did not provide the basis for the denial.

Further, to obtain a stay pending appeal under Rule 8007, the movant must establish the following four factors: (1) "that the movant is likely to prevail on the merits on appeal"; (2) "that absent a stay the movant will suffer irreparable damage"; (3) "that the adverse party will suffer no

substantial harm from the issuance of the stay"; and (4) "that the public interest will be served by issuing the stay." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *In re Dale Mabry Props., Ltd.*, 149 B.R. 209, 210 (M.D. Fla. 1992). Significantly, Van Malleghem does not address the first factor—the likelihood of success on the merits of the appeal—which is generally considered the most important factor. *Robles Antonio v. Barrios Bello*, No. 04-12794-GG, 2004 WL 1895123, at *1 (11th Cir. June 10, 2004) (per curium).

Additionally, Van Malleghem fails to articulate any irreparable harm that he will face if the stay is not granted. Indeed, Van Malleghem appears to argue merely that he does not want Ocwen to be able to proceed with a motion to dismiss in the bankruptcy court. This is insufficient to establish that a stay is warranted. *See In re F.G. Metals, Inc.*, 390 B.R. 467, 472 (Bankr. M.D. Fla. 2008) (noting that a stay may be issued "where the appellant demonstrates that his or her chances of success are merely substantial," as opposed to likely, "so long as a strong showing weighing heavily in the appellant's favor is made on the latter three elements" (quotation omitted)).

Accordingly, it is **ORDERED** and **ADJUDGED** that Van Malleghem's Motion to Stay Orders Pending Outcome of Appeal (Doc. 7) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 5, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party